RTF:SC:RMR
F.#2005R01773

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ELIZABETH TORRES,
GLEN CUMMINGS,
JAMIE TORO,
ANGEL PEREZ and
FRANK MALDONADO,

          Defendants.

- - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 07-273 (S-7) (CBA)
(T. 18, U.S.C., §§ 2, 3,
242, 1001(a)(3), 1512(c)(2)
and 3551 et seq.)

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

    At all times relevant to this Indictment, unless otherwise indicated:

    1.  The defendants ELIZABETH TORRES, GLEN CUMMINGS, JAMIE TORO, ANGEL PEREZ and FRANK MALDONADO were employed by the Federal Bureau of Prisons ("BOP") and were assigned to the Metropolitan Detention Center ("MDC"), a BOP facility, in Brooklyn, New York.

    2.  The defendants ELIZABETH TORRES and FRANK MALDONADO were Lieutenants at the MDC.  In that capacity, TORRES and MALDONADO had supervisory authority over correctional officers ("COs") at the MDC.

2

3.  The defendants GLEN CUMMINGS, JAMIE TORO and ANGEL PEREZ were COs working under the command of the Captain and Lieutenants of the MDC.

4.  On or about and between November 14, 2005 and April 12, 2006, John Doe, whose identity is known to the Grand Jury, was incarcerated at the MDC as a pre-trial detainee.

<u>COUNT ONE</u>
(Deprivation of Civil Rights)

5.  Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

6.  On or about April 11, 2006, within the Eastern District of New York, the defendants ELIZABETH TORRES, GLEN CUMMINGS and JAMIE TORO, together with others, while acting under color of the laws of the United States, did knowingly and willfully deprive John Doe of a right and privilege secured and protected by the Constitution and laws of the United States, to wit: the right to Due Process of law under the Constitution, which includes the right to be free from excessive force by one acting under color of law, by striking and kicking John Doe, resulting in bodily injury to John Doe.

(Title 18, United States Code, Sections 242, 2 and 3551 <u>et seq</u>.)

3

## COUNT TWO
### (Accessory After the Fact)

7.   Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

8.   On or about and between April 11, 2006 and April 14, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendants ELIZABETH TORRES, ANGEL PEREZ and FRANK MALDONADO, together with others, knowing that an offense against the United States had been committed, to wit: the offense charged in Count One, knowingly and intentionally assisted the offenders in order to hinder and prevent their apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT THREE
### (Obstruction of Justice)

9.   Paragraphs 1 through 4 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

10.   On or about and between April 11, 2006 and April 14, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendants ELIZABETH TORRES, GLEN CUMMINGS, JAMIE TORO, ANGEL PEREZ and FRANK MALDONADO did knowingly, intentionally and corruptly obstruct, influence and impede an official proceeding, to wit: a BOP investigation into

4

the use of force against John Doe at the MDC on April 11, 2006.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

## COUNT FOUR
### (False Statement - Torres)

11. Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

12. On or about April 14, 2006, within the Eastern District of New York, the defendant ELIZABETH TORRES, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the BOP, did knowingly and willfully make a false writing and document, to wit: a BOP Use of Force Memorandum, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in that she falsely represented to the BOP that force was used on John Doe after he became "assaultive" while being escorted by MDC officers, when, in fact, as the defendant well knew and believed, John Doe had not been "assaultive" toward the officers while being escorted, and the use of force was not prompted by John Doe's "assaultive" conduct.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

5

## COUNT FIVE
### (False Statement - Cummings)

13.    Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

14.    On or about April 11, 2006, within the Eastern District of New York, the defendant GLEN CUMMINGS, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the BOP, did knowingly and willfully make a false writing and document, to wit: a BOP Use of Force Memorandum, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in that he falsely represented to the BOP that force was used on John Doe after he physically resisted being escorted by MDC officers and kicked one of the officers, when, in fact, as the defendant well knew and believed, John Doe had not physically resisted being escorted by MDC officers and had not kicked one of the officers, and the use of force was not prompted by John Doe's conduct toward the officers.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

## COUNT SIX
### (False Statement - Toro)

15.    Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

6

16.   On or about April 11, 2006, within the Eastern District of New York, the defendant JAMIE TORO, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the BOP, did knowingly and willfully make a false writing and document, to wit: a BOP Use of Force Memorandum, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in that he falsely represented to the BOP that force was used on John Doe after he became "combative" and "assaultive" while being escorted by MDC officers, when, in fact, as the defendant well knew and believed, John Doe had not been "combative" and "assaultive" toward the officers while being escorted, and the use of force was not prompted by John Doe's "combative" and "assaultive" conduct.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

COUNT SEVEN
(False Statement - Perez)

17.   Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

18.   On or about April 11, 2006, within the Eastern District of New York, the defendant ANGEL PEREZ, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the BOP, did knowingly and

7

willfully make a false writing and document, to wit a BOP Use of Force Memorandum, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in that he falsely represented to the BOP that force was used on John Doe after he became "assaultive" while being escorted by MDC officers, when, in fact, as the defendant well knew and believed, John Doe had not been "assaultive" toward the officers while being escorted, and the use of force was not prompted by John Doe's "assaultive" conduct.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

## COUNT EIGHT
### (False Statement - Maldonado)

19.  Paragraphs 1 through 4 are hereby realleged and incorporated by reference as though fully set forth in this paragraph.

20.  On or about April 11, 2006, within the Eastern District of New York, the defendant FRANK MALDONADO, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the BOP, did knowingly and willfully make a false writing and document, to wit: a BOP Use of Force Memorandum, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in that he falsely represented to the BOP that force was used on John Doe after he became "combative" while being escorted by MDC officers,

8

when, in fact, as the defendant well knew and believed, John Doe had not been "combative" toward the officers while being escorted, and the use of force was not prompted by John Doe's "combative" conduct.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

A TRUE BILL

_____[redacted]_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

ELIZABETH TORRES, GLEN CUMMINGS, JAMIE TORO, ANGEL PEREZ and FRANK MALDONADO,

Defendants.

## SUPERSEDING INDICTMENT

T. 18, U.S.C., §§ 2, 3, 242, 1001(a)(3), 1512(c)(2) and 3551 et seq.

*A true bill.*

_____

*Foreperson*

*Filed in open court this _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ day,*

*of _ _ _ _ _ _ _ _ _ _ _ _ A.D. 20 _ _ _ _ _*

_____

*Clerk*

*Bail, $ _ _ _ _ _ _ _ _ _ _ _ _*

SARAH COYNE, AUSA, (718) 254-6299

**INFORMATION** S

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.  Title of Case:  __UNITED STATES .VS.__ Torres et al

2.  Related Magistrate Docket Number(s)  _____

None ( )

CR-07-273 (S-7) (CBA)

3.  Arrest Date:  ____4/12/07____
4.  Nature of offense(s):  ☑  Felony
                          ☐  Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):  __07-273  US v. Lopresti Et Al__

6.  Projected Length of Trial:   Less than 6 weeks   ☒
                                 More than 6 weeks   ( )

7.  County in which crime was allegedly committed:  __Kings__
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?   ( ) Yes  (✗) No

9.  Have arrest warrants been ordered?   ( ) Yes  (✗) No

BENTON  J. CAMPBELL
UNITED STATES ATTORNEY

By:  _____
     SARAH  COYNE
     Assistant U.S. Attorney
     (718) 254- 6294

Rev. 3/22/01